**STATE of Missouri, Respondent,**

v.

**Eugene WALLACE, Appellant.**

**No. 42066.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
March 9, 1981.

Robert C. Babione, Public Defender, Thomas F. Flynn, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

A jury convicted defendant of first degree robbery and armed criminal action. Pursuant to the Second Offender Act, the court sentenced defendant to concurrent terms of fifteen years on each charge. Defendant's appeal importunes that his convictions stemmed from an illegal search and seizure, the fruits of which were erroneously admitted at trial and, further, that the twin convictions exposed him to double jeopardy. This court is constrained to affirm defendant's conviction for first degree robbery, but must reverse his armed criminal action conviction as per *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980). The evidence, in pertinent part, was as follows:

On December 11, 1978, in St. Louis, Missouri, Charles Hopwood was robbed at shotgun point by two men in an alley behind his home. The police were summoned and, with the help of a tracking dog and Mr. Hopwood's photographic identification, detectives secured an arrest warrant for defendant.

The next morning three detectives arrived at the apartment of defendant's mother. Detective Walsh positioned himself at the rear of the apartment while the other two knocked on the front door. According to Detective Walsh, defendant and his brother opened the rear door whereupon Walsh drew his revolver, entered the apartment and placed defendant under arrest. Detective Walsh then escorted defendant and the family members present (defendant's adult brother, mother and her two small children) to the front door. As the other detectives entered, Walsh handcuffed defendant and informed defendant's mother that her son was being arrested for robbery with a shotgun. Detective Hurtling asked defendant's mother whether they could search her apartment for the shotgun. Both Detectives Walsh and Hurtling testified that defendant's mother expressly consented to the search as she indicated her belief that there were no guns of any variety in their home. A shotgun was ultimately discovered under a bed. Mother now denies that she assented to a search. All parties agree that the officers did not possess a search warrant. The shotgun was admitted into evidence after a hearing on his motion to suppress.

In the absence of a search warrant, and when the search is predicated upon consent, the state must demonstrate that the consent was voluntary and not exacted by implied threat or covert force. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Csolak*, 571 S.W.2d 118, 122 (Mo.App.1978). The voluntary nature of the consent is gauged by the "totality of the circumstances." *Csolak, supra*. However, such a determination of times must necessarily hinge upon the credibility of the witness or witnesses present. See, *State v. Sayles*, 579 S.W.2d 748, 750 (Mo.App.1979). We do not intend to pontificate from on high and substitute our opinion for the considered judgment of the trial court. Suffice it to say there was substantial evidence of a voluntary consent which arose to more than mere acquiescence to a claim of lawful authority by the officers requesting consent. *State v. Rush*, 497 S.W.2d 213, 215 (Mo.App.1973). There was no evidence of undue coercion and the circumstances do not suggest a tainted consent.

Defendant's next charge of error involves his conviction for both armed criminal action and first degree robbery. The Missouri Supreme Court has concluded that a conviction for both armed criminal action and the underlying felony is a violation of the prohibition against double jeopardy. *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980). Therefore, the conviction for armed criminal action must be reversed.

Defendant's conviction for armed criminal action is reversed, and the sentence relative thereto, vacated. Defendant's conviction for first degree robbery, and resultant sentence, is affirmed.

REINHARD and SNYDER, JJ., concur.